All right, let's take up our next case on the 10 o'clock call, S.I. Resources, LLC v. Castleman and all. Good morning, Your Honors. Mindy Seller on behalf of the appellant, S.I. Resources, who is also the 735 ILS 2-1203 post-judgment motion petitioner in the trial court. Okay, Your Honors, today I think that a quick understanding of how we got to this court today is necessary before I would like to address the three key issues on appeal. In this particular case, the Washington County Treasurer sold delinquent taxes for nonpayment. The record owner of the property, Ethel Lynn Barrett, had passed away in her heir, sole heir to the property, Jerry Jean, would not serve actual notice of the tax sale proceeding, the supplemental tax sale proceeding. The order for tax deed issued on March 4, 2015. Twenty-three days later, on March 27, 2015, S.I. Resources, LLC, purchased the subject property interest from Jerry Jean. At that time, the trial court still had jurisdiction over the proceeding, and a 1203 motion was a permissible motion seeking the trial court to revisit its judgment, vacate, modify, or amend the judgment. S.I. Resources, within the 30 days, filed the 1203 petition. Thereafter, a 1203 respondent, who appeared in the proceeding as Opal and Steven Castleman, did appear. However, they did not appear any time after that, except for the subpoenaed deposition. And then, of course, finally, on May 27, 2015, May 15, 2015, intervener purchased the property from Steven and Opal Castleman, and filed a petition to intervene on May 27, 2015, into the 1203 proceeding that was before the trial court. The three primary issues before the court today are, first and foremost, whether or not the trial court erred in granting a 2619 motion to dismiss based solely on standing that was lodged and filed against the 2203 post-judgment motion that was pending before the trial court within 30 days. So the involuntary dismissal of a claim for a cause of action is obvious and permissible under a 2619 motion to dismiss for standing. However, a 2123 petition to vacate a tax proceeding filed within 30 days is not a cause of action and is not a claim. It's a post-judgment motion, asking the trial court to revisit its findings under 2240A and whether or not the trial court found that the tax purchasers, which were the interveners, granted a 2619 motion to dismiss, whereas the Castleman's strictly complied with the notice provisions of the property tax code. So as a threshold matter, motions attacking motions are not permissible. However, SIP sources, our client, a 1203 petitioner, argued that the 619 was untimely. And then, of course, the trial court granted the 619 motion to dismiss. So I'm only going to touch quickly the procedural aspect of motions attacking motions and 619 attacking any 1203 post-judgment motion because I feel is that that law and procedural law is pretty well settled. And they had a 1203 post-judgment motion or, in this case, also a petition to vacate filed pursuant to 1203 within 30 days. Obviously, should not be allowed to be attacked by the plain language of 2619, which only permits it to attack pleadings. And the 1203 petition was not pleading. So that is well settled law. And for that reason alone, we think the trial court erred. The second issue, then, if the court were to find that the court who had retained the jurisdiction in the 1203, which was not the cause of the action and not a pleading, the court should find that it's permissible to file a 2619 against a 1203 motion, then I would argue on appeal that even then the SI resources to the 1203 petitioner had standing. The court still retained the jurisdiction. It was a 1203 petition to vacate. And at that point, the order for taxing had not become officially final because the time to vacate and modify it were to call to the trial court's attention. It's error in finding that the tax pursuer had strictly complied pursuant to 2240A and all the notice provisions. The standing, it is conceded by Appleby that there's no dispute that SI resources purchased Jerry Gene's interest within the 30 days of the entry of the order for tax deed. Let me ask you this, counsel. That was after the tax deed had actually been authorized by the trial court. Is that correct? The order for the actual reporting of the tax deed, sir? The purchase was after the order authorizing the tax deed. Is that right? Yes. Absolutely. You mentioned the recording. Had the deed been recorded? The tax deed was recorded in the names of Opal and Steve Castleman. And one of the allegations in the 1203 petition is that the certificate of purchase was only purchased by Opal Castleman. But somehow Steven Castleman appeared in the tax deed proceeding before our client came on. We're unsure if that was the unauthorized practice of law. There was no assignment of the certificate. However, they were alleging that Opal and Steve Castleman were both the purchasers, even though the certificate's no assignment. And then we had made the allegation that because there was no assignment, that the tax deed was erroneous because it had issued to Steve Castleman. But, yes, you are correct, sir. And that was all of record when your client, the SI Resources, had purchased. Is that correct? From Evidence Fair's heir, her only son, Jerry Jean. Yes, sir. It was a matter of record. Mm-hmm. Yeah, within 23 days is actually the time frame there when they purchased it. So, on that note, our position is that SI Resources still has standing because, in this case, Jerry Jean, the heir of Evelyn Fair, was not served actual notice of the tax deed proceeding, number one. And, number two, one of the allegations for the violation of lack of strict compliance was the inflated redemption amount that was put on the 22-5 take notice. In this particular case, the taxes sold were for $127.10 at 0%, but somehow the amount of $1,501.13 was reported to be the redemption amount at the time of the 22-5. Now, SI Resources- Let me ask you another question. Sure. Now, there is still pending in the trial court a 214-01. Is that correct? Yes, Jerry Jean filed the 214-01 petition, correct? Thank you. Yes. Yes. So, on that note, to answer your question about standing, the Evelyn intervener only because, at this point, you have to bear in mind the 1203 respondents never appeared again in the actual proceeding or responded to the 1203 petition. The only other appearance that the Castleman's made at any point was at the subpoenaed depositions when they admitted and conceded to the failure to strictly comply with the express and mandatory notice-serving provisions. Those are cited on page 45 of our brief to the record, precisely to the admissions of the tax purchaser. So, here on this appeal today, it's undisputed entirely that there was a total lapse for compliance with the notice-serving provisions as delineated on page 45 of our brief in the record in the admissions of Steven Castleman. But back to the issue of standing, the appellant, or ability, intervener, William Graham Poole, just to get the time frame back to your question, Your Honor. It was 23 days when SI resources within the time the court retained the jurisdiction, and it was months later, on May 15, when this litigation was pending, when the intervener purchased this litigation property from the Castleman's and came in as an intervener to challenge the standing of SI resources. So, they solely relied on, and came predominantly, Miller v. Cluck. And in our opinion, they staunchly misquoted Lincoln v. Teitel out of the 3rd District on the issue of standing. And there are some grave errors in the application of what is standing. So, again, outside of the procedural issues, that the 619 is not permissible against a 1203 post-judgment motion. The issue on standing, this case is relied on, were two 1401 petitions, or they were petitions to expunge bail through redemptions. Now, there's a distinction and a burden between bringing a 1203 post-judgment motion to call the trial court's attention, that 2240A, it's for compliance, has not occurred in the tax deed proceeding or the taking of the property. And on a 21401 petition, where the court has lost the jurisdiction, because the 30-day window to attack that order for tax deed is gone. And then on the 21401, of course, you have to file in front of that court the order. And you have to establish a meritorious defense and these other things. The burdens are different. Nevertheless, in Lincoln-Teitel, a Teitel company filed the 21401 petition. And intervener, Ebole, would have the score believe that Lincoln-Teitel stands for the pretense that the 3rd District Appellate Court restricted the doctrine of standing. And it did no such thing. The 21401 petition in Lincoln-Teitel in the 3rd District was a collateral post-30-day 21401 petition by a Teitel company. And the argument was that the Teitel company did not have standing to file the 21401. The court in the 3rd District specifically stated on review that some entry, in fact, will legally recognize interest must occur under the doctrine of standing on a 21401 petition. The 21401 petitioner must have a bona fide title or interest in the property. However, the issue in Lincoln-Teitel was interesting because it was a Teitel company. They insured the policy on sale of the property, so they had no interest in the property. So what's a court to do when it's a 21401 petition and you have a Teitel company comes in and they don't have an interest in the property? And the court in the 3rd District went and they went all the way back to Miller v. Cook, the 1800s, and they said, look, here, Lincoln-Teitel could have redeemed the property, so they have interest. It does not mean that the Lincoln-Teitel court in the 3rd District restricted the doctrine of standing to the only time you have standing to challenge an order for tax deed is when you have the right to redeem before that redemption date expired. What is overlooked in the Lincoln-Teitel opinion that the intervener is citing is this court's citation in our case Hamilton, Henry Hamilton, which Lincoln-Teitel case cited first stating specifically citing Hamilton. The 3rd District said specifically he asked to a tax deed proceeding to have standing to file a 21401 petition to collaterally attack a tax deed, a petitioner must have a bona fide title or interest in the property. Timing isn't the issue according to Hamilton, which the 3rd District cited, which in Henry Hamilton, for the 5th District appellate court, this very court was quick to point out the distinction of the burden of a quiet title action, wherein that petitioner has to have absolute title to file a quiet title, versus a 21401 petition wherein in Henry Hamilton, it was 10 to 11 months after the order issued, after the tax deed was recorded, that that 21401 petitioner filed his 21401 petition, and it was allowed, the standing issue didn't make it, and why is that? Because the timing issue isn't material, it's do they have an interest, a bona fide interest in that property, and that's a 21401 petition. Here we are today, where the court never lost the jurisdiction within 30 days, and never served notice of the tax deed proceeding, and sold their interest to SI Resources, and they filed and called to the court's attention the express violation of the mandatory notice-serving provisions where you can't attack those on a 21401. 2248A only allows the attack of strict compliance before the order, up to the time of that 30-day expiration. You can't attack strict compliance on a 21401, so these cases relied upon by intervener are completely misquoted or inapplicable in that there is this big difference between having standing on a 21401 petition, and even then, purchasing an interest in that property 11 months after the order for tax deed still creates a standing, as long as you have some bona fide interest in the property, but no, says intervener, no, the single solitary only time you have standing to challenge an order is if you possessed it before that redemption expired. Well, then what happens to a property owner, your honors, who dies the day after the redemption expires? So their heirs can't come in and challenge the order for tax deed prior to the court losing jurisdiction? No. No, I see there's a misapplication and a misquote of standing. The Miller v. Cook cases and the Lincoln title cases expanded the doctrine of standing. They did not restrict it. And it's any bona fide right, title, or interest in injury. And at this point, all the record bears that SI security purchased the property interest from Jerry Jean, the heir of the deceased Evelyn Fair, for good and valuable consideration, and timely, within the time of the court's jurisdiction, hold to the court's attention. They make the multiple violations. And the only thing that can be taken away from Lincoln title that's even remotely similar to this case is that in the Lincoln title case, that particular, the title, the tax purchaser argued to the third district appellate court that they didn't argue. There was no contest on appeal that they committed fraud. In other words, they weighed that issue before the third district appellate court. And if you read the Lincoln title opinion, you'll see they didn't even argue it in the appellate court. They just came in and said, no, no, no, we don't want to talk about a fraud. They didn't have standing. That's the only similarity to this case today. Because there is no contest, your honors. None. There are not one, two, three, four, five, six, seven. There are violations of the mandatory notice serving provisions on this record that even if this court were to take SI security out of this equation, the court has an absolute duty and is bound by the express and mandatory language of 2248, the property tax court. That the court shall insist on strict compliance with the notice serving provisions. And why is that? Because we're taking people's property, right? Most of these proceedings are ex parte proceedings. We're in in cases such as this, when people don't receive actual notice. When everyone fares not listed in the party publication. When 2225, which was one of the three mandatory notices, isn't even intended to be complied with. When all of these things fail and an ex parte proceeding appears, that trial court, even when nobody shows up, has a duty and is bound by 2248 to insist on strict compliance. This court has the ability to take SI and express without it and direct the trial court at this point to vacate its invalid order for tax deed pursuant to the notice provisions in 2248. We argue that the court must do so because otherwise what you're saying is that somebody has a right to file a 619 motion to circumvent 2248. Hey, that's exactly the effect of a holding of this because you can just say, hey, we don't have to meet our burden under 2248 because they don't have standing. So what if all those mandatory due process notices weren't complied with? That's not how it works. 2248 is expressed. And the burden and the duty of the court, the ex parte proceedings or on review even, is expressed because the court shall insist on strict compliance for 2210 through 2230. Now, I will say quickly that there were three cases that expanded that to 225. Even though 2248 doesn't say 225, the glory, the flam and the equity cases out of the first district all consecutively held that strict compliance is mandatory under 225 as well. And that's pretty much because it says in the statute that in order to be entitled to a tax deed, you have to give this notice and strictly comply to it. But more egregious here is that you have the tax purchaser admitting to these violations and then and only then is the motion to dismiss filed and argued and the concession by the intervener that they're going to have a serious problem if we're not kicked out on standing. So to refresh these arguments, Your Honor, I would believe that 2619, the express language of it, is clear that a 2619 motion is permissible to attack pleadings and that a 1203 post judgment motion wherein the court still redeems that jurisdiction is not a pleading. And we've cited the case law in our brief to that, but we've maintained that even if this court were to find that it is permissible on a 1203 petitioner asking the court to review its 2248 burden, then even then, I believe that the SI resources have standing because Henry Hamilton, which was a 21401 case, establishes in the doctrine of standing, establishes that any person with a bona fide right, title, or interest in the property has a right to attack the order for tax deed. Thank you, Counsel. Thank you. Argument on behalf of the appellee. Thank you, Your Honor. Paul Slocum on behalf of the intervener. I believe that the outset, Your Honor, in our brief, we cited the Harris case, Illinois Supreme Court case. It says it's inappropriate to consider the merits of the case if standing is lacking. But briefly, since they have raised the substance of strict compliance due diligence, we fully brief that and are opposing that as part of a motion for summary judgment that was not heard. But I want to back up and briefly give you the very important procedural history to this matter, which is undisputed. We have a situation where the mineral rights were on the taxes were unpaid. They were sold at a tax sale. The tax code gives a period of redemption in order to pay those taxes off to retain your mineral rights. In this case, it's undisputed that in February of 2015, that redemption period ended. After that, the court had a hearing and a tax deed was issued to the Castleman's. After that, on April 2nd, SI Resources filed a 5-2-12-0-3 motion. It's undisputed that at the time they filed that 2-12-0-3 motion, it was after the period of redemption had expired. It was after the order issuing the tax deed. It's also undisputed that SI Resources was not a party to the underlying case. They were not a party to the underlying case. Why is that important? Because they're seeking relief under 5-2-12-0-3, which the very plain language of it states that in any party, any party may seek reconsideration. Any party. SI Resources is not, was not, a party to the underlying case. They were a complete stranger to the tax and the mineral rights at issue. Contrary to what counsel states, timing is everything. Timing is everything in terms of acquisition of the rights. You don't have to go any further than 1890. Miller v. Cook was a case where a party tried to set aside a tax deed. Exactly the situation that we have here. They cited the Illinois Constitution, which is, today's version is substantially similar. It simply says, the right of redemption from all sales of real estate for the nonpayment of taxes shall exist in favor of owners and persons interested in such real estate. So if we stop there, counsel's correct. Some interest at any point in time, they may win. But you have to read on in the decision. The decision clearly says, the rule is that the right to bring suit for the purpose of setting aside a tax deed or tax sale and having the deed declared void is not confined to the original owner of land, but may be exercised by his mortgagee or by any person who can show such an interest in the estate as would have entitled him to redeem. That's it. That case is still good law. Counsel is correct that the other cases I cited dealt with expungement of redemptions. But the underlying kernel in those cases are all the same, that you have to have an interest in the property in order to redeem. It's interesting that they cite the 2000, the third district case from 2013, which, by the way, counsel for the appellants handled that case and are on the briefs. That case, the title company case. I agree that under the current law, a title company that has an interest such that allows them to redeem certainly has a right to challenge a tax deed. No doubt about it. That is, in part, what that title company case says. But it's important that they cite, in 2013, to Miller v. Cook, and they cite Miller-Cook for the proposition that a party that would be entitled to redeem has the right to bring suit to set aside a tax sale and to have the tax deed declared void. There's no case law that says it doesn't matter if you don't have a right to redeem, you can still challenge it. There's no case that says that. We also cite a 1970 and 1973 case that really crystallizes these issues because in that case, in the 1973 case, a petition of TPF in our brief, that was the whole issue, is when the party obtained the interest in the property sufficient to challenge. And the court, again, made that critical distinction, which, quite frankly, says timing is everything. Timing is everything. And here we have a situation where the taxes go unpaid, the redemption period expires, they have a hearing before the trial court, which the trial court is duty-bound to review it. And they reviewed it, and they issued the tax deed. Only then does a rival tax buyer somehow come in, get a quick claim deed from a person, and then file a 2-1203 motion. And that is simply inappropriate. And, quite frankly, the reply brief, Your Honor, for the appellants, let me back up, their first brief said we waived our motion to dismiss because we filed an answer asserting the affirmative defense of standing. And then filed a motion to dismiss under 619 after it. We cited the case law that says that's entirely appropriate, Thompson by Thompson, and our brief clearly delineates that. That was the argument they made. The appellant court rejected it. But we have to get to the reply brief. For the very first time, they come in and say, wait a minute, you can't file a 619 motion in response to a motion for reconsideration under 1203. They raise that for the very first time in a reply brief. Looking at the cases they cite, though, interesting. The N. Ray Wolfe case they cite didn't even address the standing issue. But the Wolfe case that they cite relies on N. Ray Southerland. And that is a very interesting and important case. Because what it says is, yeah, you called it a motion, but we're going to treat that necessarily as a denial of the 1203 motion. So they didn't get overly concerned with the semantics of how the motion was styled. They said, in their case, they cited, the court's order granting the motion was necessarily an order denying the 21203 motion. And in that regard, I would reference the court to the N. Ray Haley case, which is an Illinois Supreme Court case from 2011. It says, when analyzing a party's request for relief, courts should not look to what the pleading, they should look to what the pleading contains, not what it's called. But that kind of, and again, we're getting this argument in their reply brief. I get to think about it and say, well, if you can't file a motion to dismiss in response to a motion on the judgment on pleadings, how in the world do I ever raise standing? Because the case law says you've got to raise standing at the first instance, or it can be waived, and that it should be considered first. So how do we get that before the court? So when we were before the court in November on all pending motions, we suggested the standing issue be taken up first. It was taken up first. It was argued and it was granted. Under N. Ray Sullivan, that can be considered a denial of the 5212 motion. However, more importantly, the plain language of 5212-03 says you have to be a party to bring the motion. SI Resources is not a party. There's a case, March 17th of 2016, just issued by the first district. Midfirst Bank versus McNeil. Appeal number 1-15-0465. It dealt with this exact issue. And not only, I mean, exact issue. Because in that case, the parties hadn't briefed and realized that the person bringing the 1203 motion wasn't a party. But the appellate court took it upon itself. And here's what happened. And it actually addresses their hypothetical, what if the person dies? What do you do in the interim? This case deals with that. It's a petition. It was a motion to reconsider a foreclosure judgment on real property. Just like we have here, essentially. In that case, the court held that only parties may bring 2203 motions. That a non-party does not have standing to appeal. That a 2203 motion by a non-party is a nullity. The trial court had no authority to consider the 2203 motion. And the court concluded, this case is simply a non-party coming before the court and improperly filing a motion without first seeking intervention to do so. And that's an important point. In the death situation, the hypothetical they did, the way to do that is for the heir to come in and seek to intervene as a party. And then they can bring a 2203 motion. And that's exactly what the mid-first bank case says. It's not in my sense. Counselor, let me interrupt you. Was this case cited in your brief? It was not. And the reason, it was not, Your Honor. And it's, I found it in response to their reply, which for the first time raised the issue. Well, you need to file a read to cite this case and to argue it. And I'm going to give you an opportunity, counsel, to respond to that. Then I will stick directly to the very plain language of 521203, which is in our brief. And, in fact, I highlighted the anti-party portion of that statute in our brief. And we did it on its face. That applies to any party. So are you saying, do you want to argue this case or not? Do you want us to consider it or not? If you want us to consider it and it's not in your brief, you need to ask Lee to do this light that we consider. So I didn't understand your response to my question. I would say that, Your Honor, we would seek leave to add that argument to our brief, which was in response to their reply. Okay. And I'll, counsel, then I'll allow you an opportunity to file a written response or argument regarding this case. Thank you. Please proceed. So that basically concludes the argument. And, again, Your Honor, Miller v. Cook has never been overruled. It's an 1890s case. It's grounded in the Illinois Constitution. And the timing does matter on when a party gains an interest. The other cases are not distinguishable. They simply expand who an interested party is. Over the years, the courts have taken a more liberal view on who and what is an interested party. It's not just a title owner. It can be a title company. But the underlying concept of Miller v. Cook, that a party must have the ability or power to redeem in order to challenge the validity of a tax deed order, is still good law. And, again, I would point out there are no cases to the contrary. There are no cases that come out and say, well, we've determined this party didn't have a right to redeem, but we still find that they have the right to bring a 212-03 motion. And so if the court has any questions. I believe so. Thank you, counsel. Thank you. And, counsel, how long would you like to take a look at that case and file a written response? 21 days. That's fine. Thank you. In rebuttal, Your Honor, I just want to point out that this was a misstatement that was just made to you. We put in our appellate court brief on multiple pages that a 619 motion is not permissible against a 1203. It's not only in our rebuttal. The second issue is that the strict compliance 2248 issues that were admitted and conceded to and that are on the face of the record are separate and distinct than the due diligence issues. And when Intervenor opened their argument, they misstated that. And I just want to draw that distinction quickly to the court's attention because due diligence and ascertaining and naming all occupants, owners, and interested parties in a tax fee proceeding is a factual issue, as opposed to strict compliance with 225, 10, 2225, and 2220 of the property tax code is not a factual issue. It's on the face of the court file and in this case, again, even on rebuttal argument, it's uncontested that there's a total failure of strict compliance in the notice due process serving provisions. It's uncontested before this court and it's uncontested before Judge Energy's trial court. So 2248 is there on the table. There is no case law. There is no case law that holds or says that in order to have standing, you must have had the right to redeem. There's a lot of case law in constitutional provisions for having the right to redeem and who has the right to redeem. But that law and those standards does not go over here to the doctrine of standing and restrict it. There's a complete difference there. An example, a tax purchaser might have to name the occupant of a subject property. I'll give you another example, the occupant. The occupant has to be named as an interested party in the tax deed proceeding, but do they have a right to redeem? No. No, they don't. But can they file objections to the order for tax deed? Yeah. Yeah, they can. Can they point the lack of strict compliance out to the trial court? Yeah, but they can't redeem. The bottom line is, Your Honor, that there is no case that holds that you have to possess that right to redeem prior to the expiration of redemption. The second to last point I want to make about the 1203 language about any party, the intervener hasn't responded and has waived the argument on appeal. The 2238 of the property tax code is pretty express and unambiguous. It expressly says that any person owing or interested in the property may be appearing in the proceeding. Well, that's exactly what happened here, isn't it? The proceeding hadn't terminated. Still pending. Or didn't in this jurisdiction. And the owner, as conceded, SI Resources, appeared in that proceeding before it was terminated and called to the court's attention the violations of the strict compliance notice. So 2230 doesn't say that any occupant, owner, or interested party may appear in the proceeding. 2230 says on its face that any person owning or interested in the party may appear in the proceeding. Finally, Your Honor, I want to point out that the Lincoln title case, the 21401 case, says they do not say only when. It's pretty unequivocal that the Lincoln title case referencing this court's Henry and Hamilton case was specific to say that the doctrine of standing concerning tax seats is that any recognizable interest in the property permits standing on the collateral 21401. But that burden is different. We're here today in a 1203. 2230, the property tax code allows it. There's been a concession if there's a total failure to strictly comply. That means that no actual notice went to Evelyn Ferris Eyre after she passed away. And when the heir, Jerry Jean, sold it to SI Resources, he had no idea of the tax deed proceeding, the inflated amount of redemptions that were put on the face of the notices, the total failure to ignore this complete ignorance of 2225. And the tax purchaser at the party deposition said, geez, I don't know why we didn't put that in there. Well, those are indiscretional, and we would ask this court to reverse this trial court's holding that the 2619 motion is granted because, number one, it's procedurally impermissible. Number two, SI Resources has standing. And number three, even if you or that court took us out of it, this court and trial court is absolutely bound by 223A. It's non-discretional. Thank you. All right. Counsel, thanks to both of you for your argument. We'll take this case under advisement.